ANSEL GAMMON *vs.* GEORGE B. HUFF *et al.*

Franklin. Decided October 9, 1877.

*Pleading. Evidence.*

In a writ of entry, the general issue admits the premises are in the possession of the tenant.

A defendant in a writ of entry offered in evidence under the general issue a deed of the demanded premises from the plaintiff to a third person, under

which he himself did not claim, and which was made after the commencement of the action. *Held*, inadmissible.

ON REPORT.

WRIT OF ENTRY, dated September 12, 1876, to recover possession of a piece of land in New Vineyard. The defendant pleaded the general issue with a brief statement "that since the commencement of this action the plaintiff has conveyed away all the right, title and interest he ever had to the premises."

The plaintiff introduced a mortgage deed from Geo. B. Huff, one of the defendants, to the plaintiff, of the demanded premises, dated August 27, 1874, and the notes thereby secured, and judgment and execution on one of the notes secured, which remained unsatisfied; also office-copy of warranty deed from the plaintiff to George B. Huff, of same date as mortgage, of same premises and referred to in the mortgage.

The defendants introduced office-copy of warranty deed from Sarah A. Rand and James H. Rand to demandant, dated January 27th, 1870, of the *locus in quo.*

They then offered an office-copy of a mortgage deed from the plaintiff to one Angeline Gammon, dated November 18, 1876, duly acknowledged and recorded, which the defendants contended embraced the premises with other lands, which was objected to, and excluded by the court.

Whereupon the case was withdrawn from the jury, for the consideration of the full court. If the last named copy of mortgage was admissible in evidence, the case to stand for trial; otherwise, judgment to be entered for the plaintiff as of mortgage.

*H. Belcher*, for the plaintiff.

*H. L. Whitcomb*, for the defendants.

APPLETON, C. J. This is a writ of entry by the mortgagee. The general issue admits the premises are in possession of the tenant.

The tenant offered the deed of the defendants, dated since the commencement of this suit, to one Angeline Gammon, and conveying the demanded premises, which the court excluded and prop-

erly. The tenants do not claim under it and they cannot invoke it in aid of their possession. *Parlin* v. *Haynes*, 5 Maine, 178. *Clark* v. *Pratt*, 55 Maine, 546.

*Judgment for plaintiff as of mortgage.*

WALTON, BARROWS, VIRGIN, PETERS and LIBBEY, JJ., concurred.